Nott, J.,
delivered the opinion of the court:
Congress, on the 8th of June, 1872, passed the following private act:
uBe it enacted, by the Senate and Some of Representatives of the United States of America in Congress assembled, That the claim of the heirs and legal representatives of Col. Francis Vigo, deceased, late of Terre Haute, Ind., for money and supplies furnished the troops under command of Gen. George Rogers Clarke, in the year 1778, during the revolutionary war, be, and the same hereby is, referred, along with all the papers and official documents belonging thereto, to the Court of Claims, with full jurisdiction to adjust and settle the sarnie; and in making such adjustment and settlement the said court shall be governed by the rules and regulations heretofore adopted by the United States in the settlement of Wee cases, giving proper consideration to official acts, if any have heretofore been had in connection with this claim, and without regard to the statutes of limitation.”
*233 “The troops under the command of Gen. George Rogers Clarke, in the year 1778,” were in the service of the State of Yirginia. For money and supplies furnished to them the Government of the United States was not primarily liable. The Government, indeed, assumed those expenditures by the Resolution October 16, 1870, (6 Jour. Cong., 213,) Ordinance May 7, 1787, (1 Laws U. S., ed. 1815, p. 662,) Act August 5,1790, (2 id., 174;) but the last-cited act expressly provided that no claim of any citizen should be “ admitted as a charge against the United States, in the account of any State, unless the claim was allowed by such State before the 24th day of September, 1788.” A number of claims, including the one now before us, failed to comply with this condition, and since then Congress, when convinced of their equity, have from time to time passed numerous private acts to re-imburse the parties. It is therefore evident that, without the private act, the claimants had no right of action against the Government. Congress appears to have recognized this fact when taking measures to give the parties relief. Therefore, instead of sending the claim here by an ordinary reference to try and determine the same, they have referred it to this court for “adjustment and settlements They have also provided that “ the court shall be governed,” not by the ordinary rigid rules of law, but “ by the rules and regulations heretofore adopted by the United States in the settlement of Mice cases.” Taking into consideration the peculiarity of the claim, the action of Congress in like cases, the manifest impossibility of maintaining any such action as a matter of legal right, we have reached the conclusion that Congress designed to pay this indebtedness of Yirginia to whomsoever it might be justly due, and sought the aid of this court to the end that the true parties and their respective rights might be judicially ascertained. The adjustment and settlement appear to us to be an award rather than a judgment, and, although this award will take the form of a judgment, we think that it will not be subject to appeal. The recent decision of the Supreme Court in Atochaos Case (9 O. Cls. R., 38) appears to cover this, the claim here being primarily against another government, and no right of appeal being given by the private act. For these reasons no finding of facts will be filed, and the parties will be left to apply to the Supreme Court for a mandamus if this conclusion be deemed questionable.
*234 Among tbe papers -transmitted to this court by Congress are certain reports made by tbe auditor of tbe State of Virginia to members of committees of Congress apparently charged with tbe duty of investigating tbe claim, and also an award or adjustment of tbe claim in favor of Colonel Vigo against tbe State of Virginia, made by tbe commissioner of revolutionary claims for tbat State. Tbis award fixes an equitable indebtedness on tbe part of Virginia to Colonel Vigo, wbicb indebtedness Congress have now in effect assumed on tbe part of tbe United States. Tbe private act also directs tbis court to give “proper consideration to official acts, if cmy have heretofore been had in connection with this claim.” And tbis provision, taken in connection witb tbe reference of tbe papers by Congress to tbis court, seems to indicate tbat it is these official acts to wbicb tbe court shall give proper consideration.
From these papers it appears tbat General Clarke, December 4, 1770, drew a bill of exchange for $8,616 upon Oliver Pollock, tbe commercial and financial agent of Virginia, in the city of New Orleans. Tbis draft was cashed by Col. Francis Vigo. Tbe money was credited by General Clarke to tbe State of Virginia, and was subsequently acknowledged by tbe State in tbe settlement of bis accounts. Tbe bill of ^exchange was not paid when presented for want of funds, and tbe evidence leaves little doubt tbat it never has been paid. It has not been produced by tbe claimants, but there is proof indicating its loss, and tbe claim upon it moreover was pressed upon tbe State of Virginia from tbe close of tbe war down to tbe time when it was allowed by tbe “commissioner of revolutionary claims for the State of Virginia,” and virtually merged in his award.
By tbe “ Ordinance for settling the accounts between the United States and indivicbual States,” May 7, 1787, (1 Laws U. S., ed. 1815, p. 662,) it is provided “that on all of the accounts aforesaid” interest shall be allowed at tbe rate of 5 per cent, per annum. Since then Congress, in a number of private acts, have allowed interest upon such claims up to tbe time tbat tbe relief was given. Tbe private act referring tbe case to tbis court provides tbat in tbe adjustment and settlement tbe a court shall be governed by the rules and regulations heretofore adopted by the United States in the settlement of like cases.” No rules and regulations are known to us, except such as may be deemed *235 inferable from the Ordinance May 7, 1787, and the private acts subsequently passed, and they establish the allowance of interest as a rule of adjustment. We do not see how effect can be given to the mandate of the private act if it be not applied to the allowance of interest; nor do we suppose that Congress intended, in this particular, to treat these parties in a different manner than they have treated' others having similar claims. Our conclusion, therefore, is that interest should be allowed.
It appears by other evidence that the claimants are the legatees and heirs of legatees of Colonel Yigo, substantially as set forth in their petition, and that the executors and administrator of the estate of Colonel Yigo are deceased, and that the estate has been settled, with the exception of this claim.
The adjustment and settlement of the claim of the heirs and legal representatives of Colonel Yigo will stand as follows:
Bill of exchange drawn by General Clarke December 4,1778.$8,616 00
Interest on the same at 5 per cent, per annum from March 20, 1779, to January 18,1875 . 41,282 60
Total.49,898 60
For which judgment will be entered.